IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| 22ND STATE BANK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:24-00208-JB-N |
| KENNETH DOUGLAS BERGER, et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on Plaintiff 22nd State Bank's Motion to Remand. (Doc. 2). For the reasons set out below, the Court concludes the Motion is due to be GRANTED.

This action was filed by Plaintiff on May 3, 2024 in the Circuit Court of Mobile County, Alabama, (Case No. 02-CV-2024-901147) ("State Complaint"). The State Complaint asserts four breach of contract claims against Defendants for their alleged breaches of promissory notes and guaranties. No federal claims are asserted in the State Complaint, and the parties are not diverse. The corporate and limited liability Defendants are not represented by counsel.

Defendants removed this action on June 24, 2024, asserting federal question jurisdiction and 28 U.S.C. § 1367. In its Motion to Remand, Plaintiff argues the Court lacks subject-matter jurisdiction and that the removal petition was procedurally improper as it was not signed by a licensed attorney on behalf of the corporate and limited liability Defendants.

The Court ordered briefing and set the Motion for hearing on August 13, 2024. (Doc. 10). The parties briefed the Motion. (Docs. 6 and 8). Defendants' brief in opposition (Doc. 6) failed to respond to the arguments in the Motion. Instead, Defendants noted their filing of an answer and "cross-complaint" for

"Deprivation of Liberty." According to Defendants' cross-claim, Plaintiffs are "Federal Government Agents" who "cannot be sued in State Court," and "Federal District Court [sic] has the Jurisdiction and Venue for Defendants of Federal Government Agencies." (*Id.*). In Reply, Plaintiff notes Defendants' factual contentions are "objectively frivolous" and that their third-party claim asserted after removal does not vest federal subject-matter jurisdiction. (Doc. 8 (quoting *Tyson v. Miller*, 2012 U.S. Dist. LEXIS 77089 at * 16 (S.D. Ala. May 8, 2012) (holding a "third-party claim alleging a federal question does not come within the purview of § 1441 removability.")).

The Court held the hearing of the Motion to Remand on August 13, 2024, as ordered. Counsel for Plaintiff and cross-defendants appeared. Defendants failed to appear.

## CONCLUSION

For the reasons stated in Plaintiff's Motion to Remand and its Reply Brief, the Court concludes it lacks subject-matter jurisdiction. Further, the removal petition is procedurally deficient as it was not signed by a licensed attorney on behalf of the corporate and limited liability company Defendants. The Motion to Remand is GRANTED.[1] This action is REMANDED to the Circuit Court of Mobile County, Alabama.[2]

**DONE and ORDERED** this 13th day of August, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Cross-claim Defendants' Motion to Dismiss (Doc. 13) is DENIED as MOOT.

[2] This Order follows the August 13, 2024 Minute Entry made on the docket granting the Motion to Remand to the Circuit Court of Mobile County. Subsequent thereto, Defendant Kenneth Berger visited the Clerk's intake desk and filed an Amended Notice of Removal (Doc. 15), Notice to Court (Doc. 16), and Affidavit of Disqualification (Doc. 17). Those filing, made in a remanded action over which the Court did not have jurisdiction, are nullities.